CLERKS OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
3/28/19
JULIA C. DUDLEY, CLERK
BY: s/ K. DOTSON
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# HARRISONBURG DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | Case No. 5:02CR30093 |
| v. | ) | **OPINION AND ORDER** |
| **DENNIS CARL FISHER,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia, for United States; Erin Trodden, Assistant Federal Public Defender, Harrisonburg, Virginia, for Defendant.*

The defendant has filed a motion to reduce sentence pursuant to the First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5220 (2018) ("2018 FSA" or "Act"), which made retroactive certain provisions of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, § 2, 124 Stat. 2372, 2372 (2010) ("2010 FSA"). I find the defendant eligible for relief and I will reduce the sentence.

Section 2 of the 2010 FSA reduced the penalties for offenses involving cocaine base by increasing the threshold drug quantities required to trigger mandatory minimum and increased maximum sentences under 21 U.S.C. § 841(b)(1). The 2018 FSA provides that the court may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the

court, impose a reduced sentence as if the 2010 FSA were in effect at the time the defendant's crime was committed.  2018 FSA § 404(b).

While a defendant whose crime was committed before August 3, 2010, may be eligible for reduction in sentence, 2018 FSA § 404(a), the Act provides that the court is not required to reduce any sentence, *id.* at § 404(c).  Thus, the court must first consider whether the defendant is eligible for a reduction in sentence.  Second, if the defendant is eligible for reduction, the court must determine whether, and to what extent, a reduction is warranted.

The defendant was indicted in this court on November 12, 2002, and charged with distributing cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (Count One); distributing 50 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A) (Count Two); and possessing with the intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (Count Three).  The defendant was convicted by a jury on all counts.  At the time of his sentencing, a violation of § 841(b)(1)(A) carried a mandatory minimum sentence of ten years and a maximum sentence of life imprisonment.  A violation of § 841(b)(1)(C) carried a maximum sentence of 20 years imprisonment.  However, the United States filed an Information to establish the defendant's prior drug conviction pursuant to 21 U.S.C. § 851, which subjected him to an increased penalty range of a mandatory minimum of 20 years and a maximum of life

imprisonment on Count Two, and an increased maximum of 30 years on Counts One and Three, due to at least one prior felony drug conviction.  It also subjected him to an increase in the minimum applicable period of supervised release from five to ten years on Count Two, and three to six years on Counts One and Three.

According to the Presentence Investigation Report ("PSR"), the defendant was held accountable for approximately 56.04 grams of cocaine base.  He was determined to have a total offense level of 34 and a criminal history category of III, yielding a guideline range of 188 to 235 months, but which became 240 months due to the enhanced statutory minimum sentence.

The defendant was sentenced on September 29, 2003, to 240 months imprisonment on each count and 10 years supervised release.  The terms of imprisonment were directed to run concurrently with each other.

According to its website, the Bureau of Prisons calculates the defendant's current release date to be April 16, 2019.  The Probation Office estimates that he has served over 16 years (195 months) in custody for the present offenses.

The parties agree that the defendant is eligible for reduction in sentence under the 2018 FSA.  Because he was charged with 50 grams or more of cocaine base and not at least 280 grams, the new statutory range for Count Two, with the § 851 Information, is a term of ten years to life imprisonment and a term of supervised release of at least eight years.  21 U.S.C. § 841(b)(1)(B).  The new

statutory range for Counts One and Three, with the § 851 Information, is a term of imprisonment of up to 30 years and a term of supervised release of at least six years. 21 U.S.C. § 841(b)(1)(C).

I have reviewed the defendant's original PSR and programming and disciplinary data while in prison, as well as the briefs filed by counsel. I find it appropriate in determining whether to reduce the defendant's sentence, and the extent of any such reduction, to consider the sentencing factors set forth in 18 U.S.C. § 3553(a). Considering those factors, I will reduce the defendant's sentence to time served, to be followed by a term of supervised release of eight years.

Accordingly, it is hereby **ORDERED** as follows:

1. The Motion to Reduce Sentence, ECF No. 63, is GRANTED;

2. <u>The defendant's sentence is hereby reduced to time served as to Counts One, Two, and Three, meaning that the defendant has now fully served the imprisonment imposed as to all counts and is to be released from imprisonment</u>. This imprisonment is to be followed by a total term of supervised release of eight years, consisting of a term of eight years on Count Two and a term of six years on Counts One and Three, the terms of supervised release to run concurrently;

3. The defendant's sentencing judgment shall otherwise remain unchanged;

4. The effective date of this Order shall be stayed for 10 days from the date of entry to allow the processing of the defendant's release and to allow the Probation Office to approve his reentry plan; and

5. The Probation Office shall immediately transmit this Opinion and Order to the Bureau of Prisons.

ENTER: March 27, 2019

/s/ *James P. Jones*
United States District Judge